IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIAMOND BARNES, #S11728, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 18−cv–2117−NJR |
| WARDEN, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On November 26, 2018, Petitioner Diamond Barnes ("Barnes"), an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center ("Menard"), filed a document captioned "Declaratory Judgment ~[ ] Injunctive Relief Action Incident to Diamond Barnes." (Doc. 1). Barnes states that he is seeking injunctive[1] and declaratory relief in his "sovereign" capacity. (Doc. 1). Specifically, he asks the Court to compel another district court judge and/or the Seventh Circuit Court of Appeals to find that his previously dismissed habeas petition is timely and/or to enjoin the same from dismissing his habeas petition. Although not termed as such, Barnes is seeking mandamus relief.[2] Accordingly, the Court has construed the pleading as a Petition for Writ of Mandamus.

This case is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious

---

[1] The Court notes that Barnes requests both preliminary and permanent injunctive relief.
[2] *See Biggs v. Ward*, 212 F.2d 209, 211 (7th Cir. 1954) ("Though he did not term the relief sought as mandamus but asked an injunction, the writ prayed was mandatory in character. If the relief prayed had been granted it would have resulted in an order of the District Court commanding defendant to do as plaintiff wished. This, in its essence, is a petition for writ of mandamus.").

1

claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## Background

On July 14, 2016, Barnes filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for first degree murder in Madison County, Illinois. *See Barnes v. Hutchinson*, 16-cv-798-DRH-CJP ("Habeas Action"). Barnes claimed that his underlying conviction was not sound because Illinois law was, or is, contrary to federal law regarding the right to bear arms and that the facts presented at his trial did not support a conviction beyond a reasonable doubt. (Habeas Action, Docs. 1 and 29). On April 12, 2017, the Habeas Action was dismissed as untimely, and judgment was entered. (Habeas Action, Docs. 29 and 30). Barnes filed four separate appeals with the Seventh Circuit Court of Appeals pertaining to the dismissal of his Habeas Action, all of which have been dismissed. *See Barnes v. Lashbrook,* No. 17-2326 (7th Cir. Nov. 16, 2017); *Barnes v. Lashbrook*, No. 17-2370 (7th Cir. July 18, 2017); *Barnes v. Lashbrook*, No. 18-1014 (7th Cir. Jan. 8, 2018); *Barnes v. Lashbrook*, No. 18-1700 (7th Cir. Nov. 15, 2018).

## Discussion

This case is puzzling, to say the least. As previously noted, the Petition is captioned as "Declaratory Judgment ~[ ] Injunctive Relief Action Incident to Diamond Barnes." Barnes states that he is seeking a declaratory judgment and injunctive relief "incident to Diamond Barnes, in-equity, pursuant to Federal Rule 65 of Civil Procedure and 28 U.S.C.A. § 2201; that is incident to [the underlying Habeas Action and subsequent appeals]." (Doc. 1, p. 1). He asserts that jurisdiction is appropriate under 28 U.S.C. § 1331, Federal Rule of Civil Procedure 65, and 28 U.S.C. § 2201 (the Declaratory Judgment Act). Barnes claims that his Habeas Action was timely filed (Doc. 1,

p. 12), and he asks for injunctive and declaratory relief, the gist of which is to have this Court reverse the dismissal of his Habeas Action.

Given the relief that is requested, which would require an order compelling another district court judge and/or the Seventh Circuit court of Appeals to vacate the dismissal of Barnes's Habeas Action, the instant Petition must be dismissed for lack of jurisdiction. Regardless of how the Petition is characterized, Barnes is seeking mandamus relief. A writ of mandamus is an extraordinary form of relief only allowed in exceptional circumstances. *In re Lewis*, 212 F.3d 980, 982 (7th Cir. 2000). While a writ of mandamus could issue from an appellate court to direct the district court to "correct a clear abuse of discretion or the failure to carry out a ministerial task," this Court does not sit as an appellate court. *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1385 (11th Cir. 1998), *cert. denied*, 525 U.S. 1019 (1998). "For a district court to issue a writ of mandamus against an equal or higher court would be remarkable." *Trackwell v. United States*, 472 F.2d 1242 (10th Cir. 2007).

Here, Plaintiff asks this Court to review the decision not only of another district judge but also the decisions of the Seventh Circuit Court of Appeals. It is not within the power of this Court to review final orders of another district court judge or an appellate court. The remedy for challenging an adverse decision from a district judge is to appeal. If unsatisfied with the action of the appellate court, a litigant may seek further review from the Supreme Court. Those are the protections to which Barnes is entitled. Accordingly, because the Court has no authority to grant the requested relief, the Petition shall be dismissed for lack of subject matter jurisdiction.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, this action is **DISMISSED** for lack of federal subject matter jurisdiction. Barnes is **ADVISED** that this

3

dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Haury v. Lemmon*, 656 F.3d 521 (7th Cir. 2011).

**IT IS FURTHER ORDERED** that the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3) shall be addressed in a separate order.

**IT IS SO ORDERED.**

**DATED: December 3, 2018**

**NANCY J. ROSENSTENGEL**
**United States District Judge**