# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIAMOND BARNES, #S11728, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) |
| WARDEN, | ) ) ) |
| Respondent. | ) |

Case No. 18-cv-02117-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Barnes's motion for reconsideration. (Doc. 8). Barnes, an inmate of the Illinois Department of Corrections incarcerated at Menard Correctional Center, filed this action with a document captioned "Declaratory Judgment ~ [ ] Injunctive Relief Action Incident to Diamond Barnes." Barnes asked the Court to compel another district court judge and/or the Seventh Circuit Court of Appeals to find that his previously dismissed habeas petition is timely and/or to enjoin the same from dismissing his habeas petition. The pleading was construed as a Petition for Writ of Mandamus. The Court determined it had no authority to grant the relief requested and dismissed the Petition for lack of subject matter jurisdiction.

## Legal Standard

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. But such motions are routinely filed, and they generally are treated as motions to alter or amend an order or judgment under Rule 59(e) or motions for relief from judgment/order under Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Different standards and timetables govern Rule 59(e) and Rule 60(b) motions.

1

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) permits relief from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b). The reason offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).")

A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* FED. R. APP. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* FED. R. CIV. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if

the motion is filed within 28 days of the entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi).

## **Discussion**

Barnes concedes that the Court does not have subject matter jurisdiction for his request for injunctive relief but argues that the Court mistakenly dismissed the declaratory judgment aspect of his Petition. (Doc. 8, p. 2). He contends the Court has jurisdiction to determine and declare "when is a judgment entered of record" under Illinois Supreme Court Rule 272 and Federal Rule of Appellate Procedure 36. This does not present a basis for a declaratory judgment. Separating this question from the injunctive relief sought renders it nothing more than an abstract question.

As stated in the Order dismissing the Petition, it is not within the power of this Court to review final orders of another district court judge or an appellate court. This Court does not have the authority to grant the requested relief, and the Petition was properly dismissed for lack of subject matter jurisdiction. The motion for reconsideration does not reveal any error of law or fact in this Court's dismissal. Thus, Barnes fails to set forth any grounds under Rule 59(e) to vacate the judgment. Further, he has not stated any grounds for relief within the scope of Rule 60(b). The motion for reconsideration will, therefore, be denied.

In the alternative, Barnes asks the Court for leave to amend and/or transfer of the case to the Seventh Circuit Court of Appeals. (*Id.*). Under the circumstances, leave to amend would be futile; that request will be denied. The request to transfer the case to the Seventh Circuit Court of Appeals will also be denied.

## **Disposition**

Upon review of the record, the Court determines that its ruling dismissing the Petition was correct. The motion for reconsideration (Doc. 8) is, therefore, **DENIED**. Further, the requests for leave to amend and/or transfer to the Seventh Circuit Court of Appeals are **DENIED**.

If Barnes wishes to appeal this dismissal, he may file a notice of appeal with the Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Barnes plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Barnes does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Barnes may incur a "strike" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: 8/6/2019**

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**